IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**TERRY KELLY**                                                                                  **MOVANT**

**V.**                                                                           **NO. 3:16-CR-00021-DMB-RP**
                                                                                                      **(3:17-CV-00136-DMB)**

**UNITED STATES OF AMERICA**                                                **RESPONDENT**

**MEMORANDUM OPINION AND ORDER**

Before the Court is Terry Kelly's "Motion Under 28 U.S.C § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody." Doc. #32.[1]

**I**
**Procedural History**

On February 24, 2016, Terry Kelly was named in a one-count indictment charging him with being a felon in possession of a firearm. Doc. #1. On April 14, 2016, Kelly, pursuant to a plea agreement, pled guilty to the sole count of the indictment. Doc. #12; Doc. #14. On September 8, 2016, this Court sentenced Kelly to 100 months of imprisonment. Doc. #24; Doc. #25. Kelly, acting pro se, filed a notice of appeal on or about February 23, 2017. Doc. #26. On or about July 21, 2017, Kelly filed this 28 U.S.C. § 2255 motion to vacate his sentence. Doc. #32.

**II**
**Analysis**

In the Fifth Circuit, "[i]t is a jurisdictional requirement of § 2255 that the conviction and sentence being challenged are final." *United States v. Clark*, 816 F.3d 350, 362 (5th Cir. 2016). Accordingly, when a defendant files a § 2255 motion while his direct appeal is pending, the

---

[1] Although this § 2255 action exists as an independent cause of action (3:17-cv-136), all relevant documents were filed in the related criminal action (3:16-cr-21). Unless otherwise specified, all record citations refer to the criminal docket.

proper course is to dismiss the § 2255 motion without prejudice to refiling upon termination of the direct appeal. *See, e.g., United States v. Romero-Cordero*, No. 2:14-cr-861, 2016 WL 8135428, at *1 (S.D. Tex. Oct. 3, 2016).

There is no dispute that Kelly's direct appeal remains pending. Accordingly, this Court lacks jurisdiction to decide the § 2255 motion. Therefore, Kelly's § 2255 motion [32] is **DISMISSED without prejudice**. Kelly may refile his § 2255 if his conviction and sentence are affirmed. Because it is clear this Court lacks jurisdiction, a certificate of appealability is **DENIED**. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.").

**SO ORDERED**, this 26th day of July, 2017.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**